CRAIG A. PINEDO, Cal. Bar No. 191337
cpinedo@pinedolaw.com
PINEDOLAW
1700 North Broadway, Suite 430
Walnut Creek, CA  94596
Telephone:  415-693-9155
Facsimile:  415-524-7564

FRANK SIMS STOLPER, LLP
Jason M. Frank, Cal. Bar No. 190957
jfrank@lawfss.com
19800 MacArthur Blvd., Suite 855
Irvine, California  92612
Telephone:  (949) 201-2400
Facsimile:  (949) 201-2405

Attorneys for Plaintiff and Applicant
REBECCA STAMBANIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Subpoena to Apple Inc. | Case No.<br><br>**DISCOVERY MATTER**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH SUBPOENA DUCES TECUM TO APPLE INC.**<br><br>Date:<br>Time:<br>Courtroom: |

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on _____, or as soon thereafter as the matter may be heard, before a judge to be assigned by the United States District Court for the Northern District of California, located at _____, San Francisco, CA, _____, plaintiff Rebecca Stambanis (plaintiff) in an action pending in the United States District Court for the Central District of California (Issuing Court), Case No. 2:19-CV-03962-ODW (JEM), will and does move for an order compelling compliance with a Subpoena Duces Tecum (Subpoena) issued by the Issuing Court and to which third party Apple Inc. (Apple) did not timely respond or object.

By this motion, plaintiff seeks an order compelling Apple to produce all documents responsive to the document requests attached as Exhibit A to the Subpoena and a privilege log for documents withheld on the basis of privilege. Despite ample opportunity and repeated requests to Apple to comply with the Subpoena, Apple still has not produced any documents or provided a firm date as to when it will produce documents, despite having failed to timely respond or object to the Subpoena. Instead, Apple has asserted boilerplate objections to every request, all of which have been waived and lack merit in any event. The discovery cutoff set by the Issuing Court in this action is just weeks away (July 5, 2021).

This Motion is made pursuant to Fed. R. Civ. P. 34, 37, and 45; and L.R. 7 and 37 on the grounds that defendant failed to timely object to the Subpoena and failed to justify any of its boilerplate objections. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the Declaration of Craig A. Pinedo filed concurrently herewith; the papers, records and pleadings on file in this case; and on such oral argument as the Court allows.

# PLAINTIFF'S REQUESTS FOR PRODUCTION, APPLE'S RESPONSES, AND PLAINTIFF'S STATEMENTS SUPPORTING HER ENTITLEMENT TO THE REQUESTED DISCOVERY

**REQUEST FOR PRODUCTION NO. 1:**

All communications between any employee of TBWA and APPLE that relates to any actual or alleged instance of PLAINTIFF badmouthing TBWA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

None.

**REQUEST FOR PRODUCTION NO. 2:**

All communications between any person and APPLE regarding PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

None.

**REQUEST FOR PRODUCTION NO. 3:**

All communications between TBWA and APPLE concerning or referring to PLAINTIFF'S job performance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

None.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that relate to any complaints by APPLE to TBWA regarding PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

None.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting positive or negative feedback TBWA received from APPLE regarding the quality of the work performed by PLAINTIFF on the iPhone 7 launch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

None.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS reflecting any positive recognition APPLE received from third parties, including without limitation industry publications or awards, regarding the quality of the work performed by TBWA on the iPhone 7 launch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

None.

**REQUEST FOR PRODUCTION NO. 7:**

All communications from TBWA to APPLE soliciting feedback regarding PLAINTIFF's performance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

None.

**REQUEST FOR PRODUCTION NO. 8:**

All emails, notes, or other DOCUMENTS that relate to any meeting(s) between TBWA and APPLE in which APPLE reported to TBWA that PLAINTIFF had bad-mouthed TBWA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

None.

**REQUEST FOR PRODUCTION NO. 9:**

All communications between TBWA and APPLE regarding PLAINTIFF's performance on the iPhone 7 launch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

None.

**REQUEST FOR PRODUCTION NO. 10:**

All communications between TBWA and APPLE regarding TBWA's performance on the iPhone 7 launch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

None.

**REQUEST FOR PRODUCTION NO. 11:**

All communications between APPLE and any industry publication or periodical regarding PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

None.

**REQUEST FOR PRODUCTION NO. 12:**

All communications between APPLE and any industry publication regarding the iPhone 7 launch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

None.

**REQUEST FOR PRODUCTION NO. 13:**

All communications between TBWA and APPLE regarding PLAINTIFF's performance on the Apple Watch campaign.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

None.

**REQUEST FOR PRODUCTION NO. 14:**

All communications between TBWA and APPLE regarding PLAINTIFF's performance on the Apple Christmas "Frankenstein Monster" campaign in 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

None.

**REQUEST FOR PRODUCTION NO. 15:**

All communications between TBWA and APPLE regarding PLAINTIFF's performance on the MacBook Pro "bulbs" campaign.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

None.

**REQUEST FOR PRODUCTION NO. 16:**

All communications between TBWA and APPLE regarding PLAINTIFF's performance on the iPad Pro campaign.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

None.

**REQUEST FOR PRODUCTION NO. 17:**

All internal communications to or from APPLE regarding PLAINTIFF's resignation, termination, or performance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

None.

**REQUEST FOR PRODUCTION NO. 18:**

All emails, notes, or other DOCUMENTS reflecting or referring to any communication between RUHANEN and APPLE regarding PLAINTIFF's resignation, termination, or performance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

None.

**REQUEST FOR PRODUCTION NO. 19:**

All communications between APPLE and any current or former member of PLAINTIFF's TEAM regarding her resignation, termination, or performance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

None.

**REQUEST FOR PRODUCTION NO. 20:**

All emails, notes, or other DOCUMENTS reflecting or referring to any communication between TBWA and APPLE regarding PLAINTIFF's performance, termination, or resignation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

None.

**REQUEST FOR PRODUCTION NO. 21:**

All emails, notes, or other DOCUMENTS reflecting or referring to any communication between APPLE and COLON, HOHOLICK and/or RUHANEN regarding any problems with the relationship between TBWA and Apple Inc.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

None.

**REQUEST FOR PRODUCTION NO. 22:**

All emails, notes, or other DOCUMENTS reflecting or referring to any complaints by APPLE to TBWA concerning PLAINTIFF.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

None.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS sufficient to identify the address, phone number, and email address for every agent or employee at Apple Inc. that PLAINTIFF worked with during her employment at TBWA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

None.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all DOCUMENTS that refer or relate to any complaint or criticism by PLAINTIFF that TBWA's leadership "messed up."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

None.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all DOCUMENTS that refer or relate to any complaint or criticism by PLAINTIFF that TBWA's leadership "screwed up."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

None.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that refer or relate to a meeting between Erik Hanson and COLON on or about October 1, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

None.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS that refer or relate to a digital deck in August 2016, including without limitation all communications between APPLE and COLON and/or HOHOLICK regarding the digital deck and all versions of the digital deck.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

None.

**REQUEST FOR PRODUCTION NO. 28:**

All communications between APPLE and any person regarding a client call with TBWA on or about August 26, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

None.

**REQUEST FOR PRODUCTION NO. 29:**

All communications between APPLE and COLON and/or HOHOLICK regarding PLAINTIFF's trip to Costa Rica on or about August 26, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

None.

**REQUEST FOR PRODUCTION NO. 30:**

All communications between TBWA and APPLE regarding the quality and/or content of the digital deck presented by TBWA to Apple Inc. on August 26, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

None.

**REQUEST FOR PRODUCTION NO. 31:**

All communications to or from APPLE in August 2016 regarding any draft or final version of the digital deck that TBWA presented to Apple Inc. on August 26, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

None.

**REQUEST FOR PRODUCTION NO. 32:**

All communications to or from RUHANEN in August 2016 regarding any draft or final version of the digital deck that TBWA presented to Apple Inc. on August 26, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

None.

**REQUEST FOR PRODUCTION NO. 33:**

All communications to or from PLAINTIFF in August 2016 regarding any draft or final version of the digital deck that TBWA presented to Apple Inc. on August 26, 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

None.

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that refer or relate to the "plan" referenced in an August 27, 2016 email from Tor Myhren to Erica Hoholick.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

None.

**Plaintiff's Contentions Regarding Request Nos. 1-34:** The Court need not address all Apple's belated and boilerplate objections to these requests. Because it failed to timely object to the requests, it has waived any objections, unless it can show the requests are facially overbroad. As we show below, Apple cannot meet its burden. The requests are limited in scope to the central issues in this case,

limited in time to the six months plaintiff worked for Defendant, and limited to the five Apple employees who worked with Plaintiff during her employment. Apple's belated overbreadth objection to all of the requests should be rejected.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.    INTRODUCTION AND SUMMARY OF ARGUMENT**

This is a wrongful termination case that Plaintiff, a single mother, brought against her former employer Media Arts Lab (MAL), which is the dedicated advertising agency for Apple Inc. (Apple) and a unit of the New York-based Omnicom Group headquartered on Madison Avenue. Plaintiff filed this miscellaneous action to compel compliance with a subpoena hand-delivered to Apple's registered agent in January 2021 and to which Apple failed to timely respond or object. Nevertheless, Apple refused to comply with the subpoena for the primary reason that compliance would impose an "undue burden" on it. Not only has Apple waived this objection by failing to timely assert it, plaintiff is confident that Apple—whose market cap is more than $2.2 *trillion*—can sustain the minimal burden imposed by her subpoena.

The discovery cutoff is July 5, 2021, less than two months away. After weeks of meet and confer, Apple has yet to begin its search for responsive documents or provide a firm date as to when responsive documents will be produced (if any), leaving plaintiff no choice but to file this motion to obtain documents that are central to her claims against Defendant.

### **II.    BRIEF FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed this case in the Superior Court of California, County of San Francisco, in September 2018. After Defendant removed the case to this Court, it transferred the case to the Central District of California, where it is pending as Case No. 19-CV-03962-ODW (JEM). Apple is a central figure in this case. Defendant is the dedicated advertising agency for Apple. Defendant induced Plaintiff to return from maternity leave earlier than she had planned and leave a

lucrative consulting position to join Defendant as its Chief Strategy Officer and run global advertising for Apple in 27 markets worldwide.

During her employment, Plaintiff worked on a variety of campaigns for Apple, including iPhone 7, Apple Watch, Macbook Pro, and iPad, among others. Plaintiff's excelled in her position and received praise from Defendant and Apple for her performance. Four months into her employment, Plaintiff tendered her resignation after Defendant pressured her to commit immigration fraud by setting up a fake business in the United States to make it easier for Defendant to perform its written promise to obtain the visa necessary for Plaintiff's partner to remain in the country. At Defendant's request, Plaintiff agreed to stay through the end of the year, relocate to Los Angeles, and guide Defendant through an upcoming iPhone 7 launch in exchange for a relocation package that, unbeknownst to Plaintiff, Defendant had no intention of performing. Just weeks after plaintiff uprooted her family and moved to Los Angeles as she promised, Defendant terminated Plaintiff to avoid paying her what it promised to induce her to stay.

Defendant disputes Plaintiff's allegations and alleges it terminated Plaintiff's employment based on a variety of made-up—and constantly changing—"performance" issues, such as "badmouthing" Defendant to Apple and harming the relationship between Apple and Defendant.

To prove her claims and rebut Defendant's affirmative defenses and pretextual reasons for terminating her employment, Plaintiff served a Subpoena on Apple requesting documents bearing directly on the disputed issues in this case, including communications between Defendant and specific Apple employees regarding Plaintiff's performance on Apple campaigns; comments that Defendant alleges Plaintiff made to Apple; specific meetings, presentations, and client calls between Defendant and Apple during Plaintiff's employment; all of which bear directly on Plaintiff's performance and the pretextual reasons Defendant has

offered for her termination. The Subpoena does not seek any deposition testimony. *See* Pinedo Decl. Ex. 2 [Subpoena].

Plaintiff served the Subpoena on Apple's registered agent of service of process on January 27, 2021. Pinedo Decl. Ex. 1. Apple did not respond or object to the Subpoena. Defendant, who received notice of the Subpoena, did not file a motion for protective order or motion to quash, either. *Id*. ¶ 2.

On February 26, weeks after the deadline to respond to the Subpoena, Plaintiff sent a courtesy copy of the Subpoena to an email address set up by Apple to respond to inquiries regarding subpoenas. Pinedo Decl. Ex. 3. The email requested Apple contact Plaintiff's counsel by March 3 to make arrangements for its document production. *Id*. Plaintiff received no response to that email. *Id*. ¶ 3.

On March 3, Plaintiff hand-delivered a letter to Apple's registered agent to request compliance with the Subpoena. Pinedo Decl. Ex. 4.

On March 10, Apple sent a letter purporting to propose various objections to the Subpoena. Pinedo Decl. Ex. 5. Further meet and confer was unavailing. As of the filing of this motion, Apple has not produced any documents in response to the Subpoena or provided a date certain as to when it will do so, if ever. *Id*. ¶ 7. The discovery cutoff in this case is July 5, 2021, less than two months away.

### III.  THIS MOTION TO COMPEL SHOULD BE GRANTED

This motion to compel should be granted for two reasons: (1) Apple has waived any objections, and (2) Apple failed to meet its threshold burden to show that "unusual circumstance and good cause" justify consideration of its untimely objections, which fail in any event.

Before turning to the merits, we wish to address briefly the legal standard on this motion, which, by way of coincidence, this Court applied to a motion to compel *Apple* filed against a nonparty (Google) in this Court:

> Pursuant to Fed. R. Civ. P. 45, nonparties to litigation may be served a subpoena commanding them to produce designated documents,

15

electronically stored information, or tangible things in their possession, custody, or control.  **"[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules."  Rule 34, in turn provides that "[a] party may serve on any other party a request within the scope of Rule 26(b)."  Rule 26 states that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."**  The relevant information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Relevance under Rule 26(b) is broadly defined, "although it is not without ultimate and necessary boundaries."

*Apple Inc. v. Samsung Electronics Co. Ltd.*, Case No. 12-CV-0630-LHK (PSG), 2013 WL 1942163, at *1 (N.D. Cal. May 9, 2013) (citations omitted).

### A. Apple Waived Its Objections By Failing To Timely Object

The law is clear that, in general, the failure to timely object to a subpoena constitutes a waiver of all objections.  *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("A nonparty's failure to timely make objections to a Rule 45 subpoena…generally requires the court to find that any objections have been waived.").  It is undisputed that Apple did not timely object to the Subpoena.  Thus, the Court should find that Apple's belated objections have been waived.

The analysis is straightforward.  Under Fed. R. Civ. P. 45(d)(2)(B), objections to a subpoena must be "served before the earlier of the time specified for compliance or 14 days after the subpoena is served."  Fed. R. Civ. P. 45(d)(2)(B).  Plaintiff served the Subpoena on Apple's registered agent for service of process on January 27, 2021.  Pinedo Decl. Ex. 1.  Based on the service date of the Subpoena, the 14-day maximum objection period set forth in Rule 45(d)(2)(B) expired on February 10.  The Subpoena set a compliance deadline of February 19, 2021.  *Id.* Ex. 2.  Apple did not serve any objection to the Subpoena by February 10 *or* by February 19 (or for several weeks thereafter).  Apple sent its "proposed"

16

objections on March 10, which is a month late. *Id*. Ex. 5. Defendant did not seek a protective order or make a motion to quash the Subpoena. *Id*. ¶ 2.

The Court can and should grant this motion for this reason alone.

### B. There Are No "Unusual Circumstances" Here

Apple does not dispute it failed to timely object to the Subpoena, but argues "unusual circumstances" justify consideration of its objections. We disagree.

While it is true that some courts have found unusual circumstances could justify granting relief from waiver in certain cases, this is not one of them. Unusual circumstances exist where the subpoena is "[1] overbroad on its face *and* exceeds the bounds of fair discovery and [2] the subpoenaed witness is a non-party acting in good faith." *Moon*, 232 F.R.D. at 636 (brackets and emphasis added).

#### 1. The Subpoena Is Well Within The Bounds of Fair Discovery

Apple's strained and unduly expansive interpretation of the Subpoena notwithstanding, it is not overbroad on its face and does not exceed the bounds of fair discovery. As noted above, but worth repeating, the scope of discovery through subpoena is the same as that applicable to Rule 34. *Apple Inc.*, 2013 WL 1942163, at *1. Each of the requests in the Subpoena is tailored to seek documents tied to issues that are central to the parties' claims and defenses and which are narrower in scope than party discovery in this case under Rule 34.

For instance, insofar as the requests sought communications to or from Apple employees, "Apple" was limited to five (5) custodians. Pinedo Decl. Ex. 2 (see definition of "APPLE"). By way of contrast, the parties in this same case agreed to a list of nineteen (19) custodians for Defendant's search for and production of documents. *Id*. ¶ 8. The requests are also limited in time to issues related to plaintiff's employment over a six-month period of time.

Apple has not met its burden to establish the "unusual circumstances" necessary for the Court to consider its objections.

#### 2. Apple Has Not Acted In Good Faith

17

As for whether Apple is acting in good faith, Plaintiff merely wishes to note that in the three months since it received the Subpoena, Apple has not produced any documents. Although it agreed to do so with respect to two current Apple employees identified by name in the Subpoena, and claimed to be prepared to proceed "immediately," it conditioned its agreement to comply on plaintiff's agreement to forego the remainder of the Subpoena. Pinedo Decl. Ex. 5 at p. 1.

Apple also claimed to be "in the process" of determining what additional documents it may have, "in the process" of determining the extent to which records of one former employee's documents exist, and assured plaintiff that Apple's investigation "is in progress." Pinedo Decl. Ex. 5. Yet, when asked for an update on its investigation two months later, including details regarding the burden involved in complying with the Subpoena, Apple acknowledged it had not begun any search and had no information about the burden imposed on it. *Id*. ¶ 6.

Apple's contentions regarding its "inadvertent" failure to object, which it claims is a "unique, isolated occurrence," are equally specious. Apple was properly served by hand on January 27, 2021. When Apple neglected to respond, plaintiff sent a *second copy* of the Subpoena to Apple on February 26, 2021, along with a request to contact plaintiff by March 3 and make arrangements for its document production. Pinedo Decl. Ex. 3. When Apple failed to respond a second time, Plaintiff delivered a *third letter* to Apple's registered agent (again, by hand) on March 3 that Apple had failed to object to the Subpoena. *Id*. Ex. 4. Only then did Apple contact plaintiff. Apple's failure to respond to the Subpoena was not the result of a unique or isolated occurrence, even as to this specific Subpoena.

Further, Apple's unwillingness to search for or produce any documents unless plaintiff agrees to accept partial compliance with the Subpoena is not in good faith. The Subpoena is limited to five custodians: two former employees (Ferrini and Hanson) and three current employees (Myhren, Vadnais and Robertson). Apple has claimed it no longer maintains records for Mr. Hanson. Of

the current employees, it agreed to produce documents for two of them (Vadnais and Robertson). As to Mr. Myrhen, a key witness in this case, Apple inexplicably refused to produce any responsive documents sent or received by Mr. Myrhen, ostensibly because it regards the requests "to be improperly invasive of a nonparty corporation." Pinedo Decl. Ex. 5. Precisely how, it did not and will not say. Regardless, Apple's status as a third party does not give it the right to avoid plaintiff's legitimate discovery any more than it gave Google the right to do so in response to Apple's subpoena. *Apple Inc.*, 2013 WL 1942163, at *3 ("Third-party status does not confer a right to obfuscation or obstinacy."). Apple has no good faith basis for excluding Mr. Myrhen as a custodian.

The Subpoena is not facially overbroad, it does not exceed the bounds of fair discovery (as demonstrated by the agreed-upon scope of party discovery in this case), and Apple has not acted in good faith. Apple's inability to point to even a single request that does not seek documents bearing on the central issues in this case or would impose an undue burden on the most profitable company in the world suggests it agrees. That Defendant has produced some communications between it and Apple, including Mr. Myrhen, strongly suggests that it agrees these documents are relevant and fall within the scope of permissible discovery.

### IV.    CONCLUSION

Plaintiff respectfully requests the Court grant this motion in its entirety and order Apple to comply with the Subpoena within 5 days of the date of this Order.

Dated: May 11, 2021            PINEDOLAW
                               FRANK SIMS STOLPER, LLP


                        By  _____/s/ Craig A. Pinedo_____
                               CRAIG A. PINEDO

                               Attorneys for Plaintiff
                               REBECCA STAMBANIS